In the Matter of RUTH Q. SUSAN C., Respondent; JUDITH B., Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of HYMAN Q. SUSAN C., Respondent; JUDITH B., Appellant, et al., Respondents. (Proceeding No. 2.) Appellant. [808 NYS2d 110]—In two related proceedings pursuant to Mental Hygiene Law article 81 to appoint legal guardians for the persons and property of Ruth Q. and Hyman Q., respectively, alleged incapacitated persons, Judith B. appeals, as limited by her brief, from so much of two orders of the Supreme Court, Queens County (Taylor, J.), dated January 23, 2004, and February 11, 2004, respectively, as, in effect, denied her application for an award of an attorney's fee.

Ordered that on the Court's own motion, the notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner-respondent, payable by the appellant.

The denial, in effect, of the appellant's application for an award of an attorney's fee was proper. Mental Hygiene Law article 81 does not authorize an award of an attorney's fee for services rendered in opposing a petition for the appointment of a guardian for the person and property of alleged incapacitated persons (cf. Mental Hygiene Law § 81.16 [f]). Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.